Keith A. Custis (SBN 218818)
kcustis@custislawpc.com
**CUSTIS LAW, P.C.**
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Telephone: (213) 863-4276
Facsimile: (213) 863-4277

*Counsel for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MCDONALD and AMBER LIBREROS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>TUESDAY MORNING, INC., a Texas corporation,<br><br>       Defendant. | Case No. 5:22-cv-664<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Failure to Pay Minimum Wages (Labor Code §§ 1182.12, 1194, 1197 and 1198);<br>(2)  Failure to Pay Overtime Wages (Labor Code §§ 510, 1194, 1198);<br>(3)  Failure to Authorize and Provide Rest Periods (Labor Code §§ 226.7 and 1198);<br>(4)  Failure to Authorize and Provide Meal Periods (Labor Code §§ 226.7, 512(a) and 1198);<br>(5)  Failure to Provide Accurate Wage Statements (Lab. Code § 226);<br>(6)  Failure to Pay Wages Timely During Employment (Lab. Code § 204);<br>(7)  Failure to Pay Wages Timely at Termination (Lab. Code §§ 201-203); and<br>(8)  Violations of the Unfair Competition Law.<br><br>**<u>JURY TRIAL DEMANDED</u>** |

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

Plaintiffs Nicholas McDonald and Amber Libreros, on behalf of themselves and a class of similarly situated individuals, allege upon personal knowledge as to their own actions and upon information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.     Plaintiffs bring this class action on behalf of themselves and all other similarly situated current and former non-exempt employees of Defendant Tuesday Morning, Inc. ("Tuesday Morning" or "Defendant") who worked for Tuesday Morning in California at any time from January 1, 2021 until the date that final judgment is rendered (the "Class Period").

2.     Tuesday Morning is a discount closeout retailer specializing in name-brand merchandise for the home that operates approximately 41 stores in California.

3.     Plaintiffs and similarly situated current and former non-exempt employees are referred to herein as "Class members."

4.     On behalf of themselves and other Class members, Plaintiffs seek relief for Defendant's systematic and uniform violations of the California Labor Code, California Business and Professions Code, the applicable Wage Order issued by the California Industrial Welfare Commission ("IWC"), IWC Wage Order No. 4–2001, Cal. Code Regs., tit. 8, § 11070, and related common law principles.

5.     Throughout the time period involved in this case, Defendant willfully maintained a policy and/or practice of failing to pay all wages for all hours worked, including minimum and overtime wages; failing to provide compliant duty-free meal periods; failing to authorize and permit compliant duty-free rest breaks; failing to maintain and provide accurate itemized wage statements; and failing to pay all wages owed timely and upon separation of employment.

6.     For these reasons, Plaintiffs bring this action on behalf of themselves and other Class members to recover unpaid wages, penalties, interest, injunctive relief, damages and reasonable attorneys' fees and costs under, among other statutes, Cal. Lab. Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1182.12, 1194, 1197 and 1198,

IWC Wage Order 4 (Cal. Code. Regs. tit. 8, § 11070), and California Unfair Competition Law (Cal Bus. & Prof Code §§ 17200, *et seq.*).

## PARTIES

7.     Plaintiff Nicholas McDonald ("Plaintiff McDonald" or "McDonald") is and at all times relevant to this Complaint was a citizen of California, and a resident of Riverside County, California.

8.     Plaintiff Amber Libreros ("Plaintiff Libreros" or "Libreros") is and at all times relevant to this Complaint was a citizen of California, and a resident of Riverside County, California.

9.     Defendant Tuesday Morning, Inc. ("Tuesday Morning" or "Defendant") is and at all times relevant to this Complaint was a Texas corporation with its principal place of business in Texas, and a citizen of Texas. Tuesday Morning does business throughout California including in Riverside Counties.

## JURISDICTION AND VENUE

10.     This Court has original subject-matter jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. 1332(d). This is a proposed class action in which: (a) there are 100 or more members in each proposed class; (b) at least some members of each proposed class have a different citizenship from the Defendant; and (c) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

11.     The Court has personal jurisdiction over Tuesday Morning because Tuesday Morning does business throughout California.

12.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) Defendant is a corporation that is subject to personal jurisdiction in this District, and, therefore, resides in this District; and/or (ii) a substantial part of the events giving rise to the claims occurred in this District as Defendant committed the wrongful conduct against Plaintiffs and certain members of the Class in this District. *See also* 28 U.S.C. § 1391(c)(2).

**INTRADISTRICT ASSIGNMENT**

13.     This matter is properly assigned to the Eastern Division of this District because Plaintiffs reside and worked for Defendant in this District, and a substantial part of the events or omissions which give rise to the claims thus occurred in Riverside County.

**EXCLUDED CLAIMS FOR DAMAGES**

14.     Plaintiffs expressly exclude from the scope of this action any claim that was discharged in Defendant Tuesday Morning's bankruptcy proceedings in 2020 in *In re Tuesday Morning Corporation, et al.*, Case No. 20-31476-HDH-11 (N.D. Tex.).

**GENERAL ALLEGATIONS**

15.     Tuesday Morning is a publicly traded company that operates approximately 486 retail stores throughout the United States, including approximately 41 in California.

16.     Tuesday Morning employed Plaintiff McDonald as a non-exempt employee in California from approximately September 2020 until he resigned in or about July 2021.  Tuesday Morning employed Plaintiff McDonald as an Associate.

17.     Tuesday Morning employed Plaintiff Libreros as a non-exempt employee in California from approximately November 2020 until she resigned in or about September 2021. Tuesday Morning employed Plaintiff Libreros as an Associate, a Keyholder and an Assistant Manager. Each of those positions is classified as non-exempt.

18.     Upon information and belief, Tuesday Morning subjected Plaintiffs and other current and former Class members to the same policies, practices and procedures governing the control and payment of wages and hours worked, and uniformly denied Plaintiffs and other Class members the rights afforded to them under the California Labor Code, IWC Wage Order No. 4–2001 and the California Business and Professions Code.

19.     Upon information and belief, Defendant issued the same formatted wage

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

statements to Plaintiffs and other Class members.

20.    Upon information and belief, Defendant processes payroll for all departing Class members in the same manner, regardless of the manner in which each employee's employment ends.

21.    Plaintiffs generally worked three (3) to five (5) shifts per week of between four (4) and six (6) hours, but also worked shifts of approximately eight (8) hours and in excess of eight (8) hours.

22.    On information and belief, other members of the Class worked, and continue to work, shifts of between four (4) and six (6) hours, shifts of in excess of (6) hours and shifts in excess of eight (8) hours.

A.    **Defendant's Failure to Pay Minimum Wage for All Hours Worked**

23.    Upon information and belief, Defendant knew or should have known that Plaintiffs and other and Class members were entitled to receive at least minimum wage for all hours worked, and that they were not receiving at least minimum wage for all hours worked.

24.    Upon information and belief, Defendant's compensation practices and policies systematically failed to pay Plaintiffs and other Class members the applicable minimum wage for all hours worked because Defendant required Plaintiffs and other Class members to work off-the-clock without compensation in three respects.

25.    First, throughout the relevant time period, Defendant had a consistent policy and/or practice that required Plaintiffs and other Class members working the closing shift to perform off-the-clock work by requiring them to perform store closing procedures after clocking out from work, including but not limited to activating the alarm, exiting the store, and locking the front door.

26.    Second, pursuant to a uniform policy implemented by Tuesday Morning during the COVID-19 pandemic, Defendant required Plaintiffs and other Class members to line up to undergo off-the-clock medical questionnaires and temperature checks prior to being permitted to clock in for their shifts.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

27. Third, throughout the relevant time period, Defendant had a uniform, mandatory loss prevention policy that required Plaintiffs and other Class members to undergo security checks prior to leaving a Tuesday Morning property for a meal break or at the end of a shift. Plaintiffs and other Class members were required to wait in line and be searched for store items or merchandise taken without permission and/or other contraband. Class members often end their shift at the same time. In addition, managers and other employees authorized to conduct package inspections are often engaged in other job-related duties. As a result, Plaintiffs and Class members were forced to wait to undergo off-the-clock security screenings before they were allowed to leave the premises. As a result, Plaintiffs and other Class members were subject to Defendant's control until being released by an employee performing the security check, but were not compensated for this time.

28. Tuesday Morning's closing store procedures, health screening policies and security screening policies are uniform throughout every Tuesday Morning store and other Tuesday Morning property in California. Thus, these uncompensated wait times and security screenings unlawfully deprive all Plaintiffs and other Class Members throughout the State of California of proper compensation.

29. Additionally, as an Assistant Manager (and therefore designated a "Keyholder" by Defendant), Plaintiff Libreros was responsible for responding to after-hours alarm calls. The time incurred by Plaintiff Libreros and other Class members who were Keyholders in responding to after-hour alarm calls was also performed while off-the-clock, without proper compensation.

30. Plaintiffs and Class members also were suffered to work during meal periods, which time was not compensated.

**B.** **Defendant's Failure to Pay Overtime Compensation**

31. Upon information and belief, Defendant knew or should have known that Plaintiffs and other Class members were entitled to receive overtime compensation for hours worked in excess of eight (8) hours in a day and forty (40) hours in a week, and

1  that they were not receiving required overtime compensation.

2      32.    As detailed above, Defendant knowingly required, suffered and permitted

3  Plaintiffs and other members of the Class to perform duties off-the-clock and failed to

4  compensate them for all hours worked, including all overtime hours worked.

5      33.    Additionally, because Plaintiffs and other Class members worked shifts

6  of close to and/or of eight (8) hours in a single day, in excess of eight (8) hours in a

7  single day, and/or close to and/or in excess of forty (40) hours in week, some of the

8  off-the-clock work performed by Plaintiffs and other members of the Class qualified

9  as overtime under California law, and should have been paid at the applicable overtime

10  rate.

11  **C.    Defendant's Failure to Provide Off-Duty Rest Periods**

12      34.    Upon information and belief, Defendant knew or should have known that

13  Plaintiffs and other members of the Class were entitled to receive all 10-minute rest

14  periods in accordance with the Labor Code and applicable IWC Wage Order or

15  payment of one (1) additional hour of pay at Plaintiffs' and other Class members'

16  regular rates of pay when a compliant rest period was missed, and that Plaintiffs and

17  other Class members did not receive all rest periods or payment of one (1) additional

18  hour of pay at Plaintiffs' and other Class members' regular rates of pay when a

19  compliant rest period was missed.

20      35.    Throughout the relevant period, Plaintiffs and other Class members

21  routinely worked shifts in excess of three-and-a-half hours and in excess of six hours,

22  and were thus entitled, respectively, to one or two timely, uninterrupted, off-duty ten

23  (10) minute rest periods.

24      36.    Throughout the relevant time period, Defendant's scheduling and staffing

25  policies and practices, or lack thereof, prevented Plaintiffs and other Class members

26  from being relieved of all duty in order to take the compliant rest periods to which

27  they were entitled.

28      37.    Notwithstanding any formal written policy to the contrary, Defendant's

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

actual custom and business practice was to undermine any formal policy of providing legally required rest periods by pressuring employees to perform their duties in ways that omitted breaks, including, but not limited to, scheduling a heavy workload that made taking rest periods extremely difficult, maintaining an informal anti-rest-period policy enforced through pressure, failing to schedule rest periods, failing to provide rest-period coverage, and otherwise discouraging employees from taking legally compliant rest periods. Plaintiffs and other Class members routinely worked through their shifts without being able to take a legally complaint, off duty rest period.

38.     In addition, pursuant to a uniform policy, Tuesday Morning prohibited Plaintiff Libreros and other Class members who worked as Keyholders and/or Assistant Managers from leaving the store premises during legally protected rest periods, and instead required them to take any rest period in the store premises. Tuesday Morning implemented this policy because the stores are understaffed and Plaintiff Libreros and other such Class members had to remain in the store premises to assist customers and/or to assist other employees with the performance of their duties. As a result, even when Plaintiff Libreros and other Class members who worked as Keyholders and/or Assistant Managers were able to take a ten-minute rest period, that rest period was not legally compliant because the rest periods were interrupted by work duties and Plaintiff Libreros and other such Class members remained subject to the control of Defendant.

39.     Defendant also systematically failed to provide Plaintiffs and other Class members one additional hour of compensation at their regular rate of pay for each workday that an off-duty, uninterrupted 10-minute rest period was not provided.

40.     Upon information and belief, Defendant failed to implement any practice or procedure to pay rest period premiums when Plaintiffs and other Class members missed a required rest period.

**D.     Defendant's Failure to Provide Compliant Off-Duty Meal Periods**

41.     Upon information and belief, Defendant knew or should have known that

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

Plaintiffs and other Class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods, and that Plaintiffs and other Class members were not provided with all required meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

42. Throughout the relevant period, Plaintiffs and other Class members routinely worked shifts of six (6) or more hours, and were thus entitled to a timely, uninterrupted thirty (30) minute meal period prior to the end of their fifth hour of work.

43. During the relevant time period, Defendant's scheduling and staffing policies and practices, or lack thereof, prevented Plaintiffs and other Class members from being relieved of all duty in order to take compliant meal periods.

44. Notwithstanding any formal written policy to the contrary, Defendant's actual custom and business practice was to undermine any formal policy of providing legally required meal periods by pressuring employees to perform their duties in ways that omitted meal periods, including, but not limited to, scheduling a heavy workload that made taking meal periods extremely difficult, maintaining an informal anti-meal-period policy enforced through pressure, failing to schedule meal periods, failing to provide meal-period coverage, and otherwise discouraging employees from taking legally protected meal periods.

45. In addition, pursuant to a uniform policy, Tuesday Morning prohibited Plaintiff Libreros and other Class members who worked as Keyholders and/or Assistant Managers from leaving the store premises during legally protected rest periods, and instead required them to take any meal period in the store premises. Tuesday Morning implemented this policy because the stores are understaffed and Plaintiff Libreros and other such Class members had to remain in the store premises to assist customers and/or to assist other employees with the performance of their

duties. As a result, even when Plaintiff Libreros and other Class members who worked as Keyholders and/or Assistant Managers were able to take a thirty-minute meal period, that meal period was not legally compliant because the meal periods were interrupted by work duties and Plaintiff Libreros and other such Class members remained subject to the control of Defendant.

46. Upon information and belief, Plaintiffs and other Class members did not validly or legally waive their meal periods by mutual consent with Defendant or otherwise.

47. Throughout the relevant time period, Defendant also systematically failed to provide Plaintiffs and other Class members with one additional hour of compensation at their regular rate of pay for each workday that Defendant deprived Plaintiffs and other Class members of an off-duty, uninterrupted 30-minute meal period.

48. Upon information and belief, Defendant also failed to implement any practice or procedure to pay meal period premiums when Plaintiffs and other Class members missed a required meal period.

**E.** **Inaccurate Wage Statements and Failure to Maintain Accurate Payroll Records**

49. Upon information and belief, Defendant knew or should have known that Plaintiffs and other Class members were entitled to receive complete and accurate wage statements in accordance with California law, and that Defendant was not providing Plaintiffs and other Class members with complete and accurate wage statements.

50. Throughout the relevant time period, Defendant had a consistent policy and/or practice of not providing accurate wage statements to Plaintiffs and other Class members. The wage statement deficiencies include the following:

a. failing to include the accurate amount of "gross wages," "net wages," "total hours worked by the employee" and "all applicable hourly rates in

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" because Defendant failed to record all hours worked by Plaintiffs and other Class members when they worked off-the-clock; and

b.      failing to include the accurate number of "total hours worked by the employee" because Defendant did not include time spent working during on-duty meal periods for which Plaintiffs and other Class members should have been compensated.

51.      Because Defendant failed to provide Plaintiffs and other Class members with accurate, itemized wage statements, Plaintiffs and other Class members were never aware of what their true wages should have been, and how they should have been calculated.

52.      Upon information and belief, Defendant also knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

53.      Throughout the relevant time period, Defendant also failed to maintain accurate payroll records showing the total hours worked daily by, and the wages paid to, Plaintiffs and other Class members. Because Defendant failed to record all hours worked, none of the Defendant's payroll records pertaining to Plaintiffs and other Class members accurately reflect all regular hours worked, overtime hours worked, actual gross wages and net wages earned, and premium wages owed for denied lawful meal and rest periods. As a result of Defendant's failure to maintain accurate payroll records, Defendant prohibited Plaintiffs and other Class members from monitoring whether Defendant compensated them correctly and lawfully.

**F.      Failure to Timely Pay Wages During Employment and at Separation**

54.      Upon information and belief, Defendant knew or should have known that Plaintiffs and other Class members were entitled to timely payment of wages during

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

1  their employment.

2  55.    Nevertheless, in violation of the Labor Code, Defendant failed to timely

3  pay Plaintiffs and other Class members all earned wages during their employment.

4  56.    Upon information and belief, Defendant knew or should have known that

5  Plaintiff and other Class members were entitled to timely payment of all wages earned

6  when they resigned or were terminated from employment.

7  57.    Nevertheless, in violation of the Labor Code, Defendant failed to timely

8  pay Plaintiffs and other Class members all their earned wages when they resigned or

9  were terminated from employment.

10  ## CLASS ACTION ALLEGATIONS

11  58.    Plaintiffs bring the California state claims described below against

12  Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf the

13  following Class and Subclasses:

14  a.    Class: All current and former non-exempt employees who worked for

15  Tuesday Morning in California at any time from January 1, 2021 and

16  continuing until final judgment is entered (the "Class").

17  b.    Keyholder Subclass: All current and former non-exempt employees who

18  worked as non-exempt Keyholders and/or non-exempt Assistant

19  Managers for Tuesday Morning in California at any time from January 1,

20  2021 and continuing until final judgment is entered (the "Keyholder

21  Subclass").

22  c.    Wage Statement Penalties Subclass: All current and former non-exempt

23  employees who worked for Tuesday Morning in California at any time

24  during the period beginning one year before the filing of this action and

25  ending when final judgment is entered (the "Wage Statement Penalties

26  Subclass").

27  d.    Waiting Time Penalties Subclass: All current and former non-exempt

28  employees who worked for Tuesday Morning in California, and who

1    resigned or were terminated at any time from January 1, 2021 and

2    continuing until final judgment is entered (the "Waiting Time Penalties

3    Subclass").

4    59.    Excluded from the Class and Subclasses are Defendant's legal

5    representatives, officers, directors, assigns, and successors, or any individual who has,

6    or who at any time during the Class Period has had, a controlling interest in

7    Defendants; the Judge(s) to whom this case is assigned and any member of the

8    Judge(s)' immediate family; and all persons who will submit timely and otherwise

9    proper requests for exclusion from the Classes.

10    60.    Members of the Class and Subclasses described above are referred to

11    herein collectively as "Class members" or "class members."

12    61.    <u>Reservation of Rights</u>. Plaintiffs reserve the right to amend or modify the

13    Class and Subclass definitions with greater specificity and to add additional subclasses

14    as appropriate based on further investigation and discovery. Plaintiffs also reserve the

15    right to pursue the cause of action for civil penalties under the Labor Code Private

16    Attorneys General Act of 2004 in a representative capacity without complying with

17    Fed. R. Civ. P. 23.

18    62.    <u>Ascertainable Class</u>. The proposed Class and Subclasses may be readily

19    ascertained by a review of Defendant's payroll and personnel records.

20    63.    <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). Both the Class and Subclasses are

21    so numerous that joinder of all members is unfeasible and not practicable. While the

22    precise number of Class and Subclass members has not been determined at this time,

23    Plaintiffs are informed and believe that more than one hundred (100) class members

24    have worked for Defendant as non-exempt employees in California during the relevant

25    time period. The quantity and identity of such membership is readily ascertainable by

26    a review of Defendant's payroll and personnel records.

27    64.    <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of

28    law and fact common to all class members, which predominate over any questions

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

affecting only individual class members. The principal common issues include:

a. Whether Defendant required, suffered or permitted Class members to perform certain work-related duties without compensation equal to at least the applicable California minimum wage;

b. Whether Defendant required Class members to work over eight (8) hours per day, or over forty (40) hours per week, without paying class members all legally required overtime compensation;

c. Whether Defendant required, suffered or permitted Class members to work while clocked out for their meal periods;

d. Whether Defendant required, suffered or permitted Class members to work during rest periods;

e. Whether Defendant violated Labor Code Sections 1182.12, 1194, 1197 and 1198 and IWC Wage Order 7-2001, Section 4 by failing to pay Class members the applicable minimum wage for all hours worked;

f. Whether Defendant violated Labor Code Sections 510 and IWC Wage Order 7-2001, Section 3 by failing to pay Class members the applicable overtime wage for all overtime hours worked;

g. Whether Defendant failed to provide Class members with compliant, off-duty meal periods and meal period premium wages in violation of Labor Code Sections 226.7, 512 and IWC Wage Order 7-2001, Section 11;

h. Whether Defendant failed to provide Class members with rest periods and rest period premium wages in violation of Labor Code Sections 226.7 and IWC Wage Order 7-2001, Section 12;

i. Whether Defendant knowingly and intentionally failed to provide Class members with accurate wage statements, as required by Labor Code Section 226 and IWC Wage Order 7-2001, Section 7;

j. Whether Defendant violated Labor Code Section 1174 and IWC Wage Order No. 7-2001, Section 7 by failing to maintain documentation of the

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

actual hours worked each day by Plaintiffs and other Class members;

k. Whether Defendant violated Labor Code Section 204 by failing timely to pay all earned wages due to Plaintiffs and Class members during their employment;

l. Whether Defendant violated Labor Code Sections 201 and 202 by failing timely to pay all earned wages due to Class members at the time of termination or resignation;

m. Whether Defendant engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq*.;

n. Whether Class members are entitled to liquidated damages from Defendant for unpaid minimum wages under Labor Code Section 1194.2;

o. Whether Class members are entitled to injunctive relief;

p. Whether Class members are entitled to restitution;

q. Whether Class members are entitled to prejudgment interest;

r. Whether Class members are entitled to attorneys' fees and costs;

s. Whether Class members and the State of California are entitled to civil penalties pursuant to Labor Code Section 2968, *et seq*.;

t. The appropriate amount of damages, restitution, and monetary penalties resulting from Defendant's violations of California law.

65. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of the claims of the Class and Subclasses that they seek to represent. Plaintiffs and other Class and Subclass members sustained the same types of injuries and damages arising out of and caused by Defendant's common course of unlawful conduct.

66. <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of all class members, and have no interests antagonistic to the other Class members. There are no material conflicts between the Plaintiffs' claims and the claims of the other Class members that would

1  make class certification inappropriate. Plaintiffs have retained counsel experienced in
2  handling complex class actions and wage and hour claims.

3    67.  <u>Superiority of Class Action</u>. Fed. R. Civ. P. 23(b)(3). A class action is
4  superior to other available means for fair and efficient adjudication of class members'
5  claims, and offers significant benefits to the parties and the Court. A class action will
6  allow a large number of similarly situated persons to simultaneously and efficiently
7  prosecute their common claims in a single forum without the unnecessary duplication
8  of effort and expense that numerous individual actions would entail. Additionally,
9  because the monetary amounts due to many individual class members are likely to be
10 relatively small, it would make it difficult, if not impossible, for individual class
11 members to both seek and obtain relief. Moreover, a class action will serve important
12 public interests by enabling the statutory rights of class members to be effectively
13 asserted and fundamental public policies to be vindicated in one proceeding. A class
14 action will also provide a means for vindicating the rights of current employees who
15 are less likely to come forward to assert those rights based on fears of employer
16 reprisal. Finally, a class action will prevent the potential for inconsistent or
17 contradictory judgments inherent in individual litigation.

18   68.  <u>Injunctive and Declaratory Relief</u>. Fed. R. Civ. P. 23(b)(2). Defendant's
19 violations of the federal and state wage and hour laws and California's Unfair
20 Competition Law are uniform as to all members of the Class. Defendant has acted or
21 refused to act on grounds that apply generally to the Class, so that final injunctive
22 relief or declaratory relief is appropriate with respect to the Class as a whole.

23 **FIRST CAUSE OF ACTION**

24 **Failure to Pay Minimum Wage in Violation of California Law**

25 **(Labor Code §§ 1182.12, 1194, 1197 and 1198)**

26 **(On Behalf of Plaintiffs and the Class)**

27   69.  Plaintiffs incorporate all preceding allegations as if fully set forth herein.

28   70.  Labor Code Sections 1182.12, 1194, 1197 and 1198 provide that the

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.

71.     Compensable work time is defined in IWC Wage Order No. 7-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

72.     Defendant employed Plaintiffs and other Class members as non-exempt employees who were entitled to the protections of Labor Code Sections 1182.12, 1194, 1197 and 1198 and IWC Wage Order 7-2001.

73.     As set forth above, in violation of Labor Code Sections 1182.12, 1194, 1197 and 1198 and IWC Wage Order 7-2001, Defendant failed to pay Plaintiffs and other Class members the applicable minimum wage for all hours worked because Defendant failed to pay Plaintiffs and other Class members the applicable minimum wage for the time that Defendant required, permitted or suffered Plaintiffs and other Class members to work off-the-clock.

74.     Labor Code Section 1194(a) provides that "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

75.     Labor Code Section 1194.2(a) provides that "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

76.     Labor Code Section 218.5(a) provides that "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."

77. As a direct and proximate result of Defendant's conduct, Plaintiffs and other Class members have suffered damages in amounts to be proven at trial and are entitled to recover and hereby seek all appropriate remedies provided by the Labor Code and IWC Wage Orders, including unpaid wages in an amount to be determined at trial, pre-judgment interest, liquidated damages, attorneys' fees and costs of suit.

<u>**SECOND CAUSE OF ACTION**</u>

**Failure to Pay Overtime Wages**

**(Labor Code §§ 510, 1194, 1198)**

**(On Behalf of Plaintiffs and the Class)**

78. Plaintiffs incorporate all preceding allegations as if fully set forth herein.

79. Labor Code Section 510 provides that "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

80. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including non-discretionary bonuses and incentive pay.

81. Labor Code Section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable IWC Wage Order.

82. Section 3 of IWC Wage Order No. 7-2001 provides in pertinent part that:

> [E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of

Custis Law, P.C.
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067

labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

83.     Defendant employed Plaintiffs and other Class members as non-exempt employees who were entitled to the protections of Labor Code Sections 510, 1194, 1198 and IWC Wage Order 7-2001.

84.     As noted above, Defendant failed to compensate Plaintiffs and other Class members for all overtime hours worked pursuant to Labor Code Sections 510, 1194, 1198 and IWC Wage Order 7-2001.

85.     As set forth above, in violation of Labor Code Sections 510, 1194, 1198 and IWC Wage Order 7-2001, Defendant failed to pay Plaintiffs and other Class members for all overtime hours worked because Defendant required, permitted or suffered Plaintiffs and other Class members to work off-the-clock.

86.     When Plaintiffs and other Class members worked eight or more hours on-the-clock, the off-clock work clearly constituted work in excess of eight hours in workday and should have been paid at the applicable overtime rate. When Plaintiffs' and other Class members' time records indicate that they worked close to eight hours in a workday on the clock—e.g., when their time cards reflect that they worked 7.8 or 7.9 total hours—the off-the-clock work also caused Plaintiffs' and Class member's total hours worked to exceed eight (8) hours on such a workday and, likewise, should have been paid at the applicable overtime rate.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

87.     As a direct and proximate result of Defendant's conduct, Plaintiffs and other Class members have suffered damages in amounts to be proven at trial and are entitled to recover and hereby seek all appropriate remedies provided by the Labor Code and IWC Wage Orders, including unpaid wages, interest, attorneys' fees and costs of suit.

**THIRD CAUSE OF ACTION**

**Failure to Authorize and Provide Rest Periods**

**(Labor Code §§ 226.7 and 1198)**

**(On Behalf of Plaintiffs, the Keyholder Class and the Class)**

88.     Plaintiffs incorporate all preceding allegations as if fully set forth herein.

89.     At all relevant times, IWC Wage Order No. 7–2001 and Labor Code Sections 226.7 and 1198 were applicable to Plaintiffs' and other Class members' employment by Defendant.

90.     IWC Wage Order No. 7–2001 provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

91.     Defendants are thus required by California law to authorize and permit breaks of ten (10) uninterrupted minutes for each four hours of work or major fraction thereof (*i.e.,* more than two hours). That is, the required number of rest breaks is equal to the number of work hours divided by four, and if the work time is not evenly divisible by four, any remainder of two hours or less is rounded down and that which exceeds two hours is rounded up. For example, if a Class member's work time is six hours and ten minutes, he or she is entitled to two rest breaks. If the work time is nine hours, the employee is still entitled to only two rest breaks. (There is an exception: if the shift is under three and one-half hours, no rest break is required.) Each failure to

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

1   authorize rest breaks as so required is itself a violation of California's rest break laws.

2       92.   Labor Code Section 226.7 provides that no employer shall require an
3   employee to work during any rest period mandated by an applicable order of the
4   California IWC. To comply with its obligation to provide rest periods under Labor
5   Code Section 226.7 and the applicable IWC wage order, an employer must "relinquish
6   any control over how employees spend their break time, and relieve their employees
7   of all duties - including the obligation that an employee remain on call. A rest period,
8   in short, must be a period of rest." *Augustus, et al. v. ABM Security Services, Inc.*
9   (2016) 2 Cal. 5th 257, 269-270.

10      93.   Upon information and belief, Plaintiffs and other Class members were
11  subject to the same policies, practices and procedures governing the provision of rest
12  periods.

13      94.   Plaintiffs and other Class members regularly worked shifts of more than
14  four (4) hours and were entitled to an uninterrupted, off-duty rest period of not less
15  than ten (10) minutes. Plaintiffs and other Class members also regularly worked shifts
16  in excess of six (6) hours, or more, and were entitled to at least a second uninterrupted,
17  off-duty rest period of not less than ten (10) minutes.

18      95.   Nevertheless, as detailed above, Defendant engaged in a company-wide
19  practice and/or policy of failing to provide Plaintiffs and other Class members with
20  uninterrupted, off-duty rest periods when required. Because Defendant required that
21  Plaintiffs and other Class members remain on-duty, and/or because they did not
22  provide them with rest period coverage, Plaintiffs and other Class members were
23  subject to Defendant's control and required, permitted and suffered to work during
24  rest periods.

25      96.   Here, as a companywide practice and in fact, Defendants did not offer
26  Plaintiff Libreros and other Keyholder Class members the opportunity to receive
27  compliant off-duty rest breaks and, thus, "the court may not conclude employees
28  voluntarily chose to skip…breaks." *Alberts v. Aurora Behavioral Health Care* (2015)

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

241 Cal. App. 4th 388, 410 ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); *accord Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1033 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

97.    Defendant has also engaged in a company-wide practice and/or policy of not paying rest periods premium wages owed when compliant rest periods are not provided. As a result, Plaintiffs and other Class members were denied rest periods and Defendant failed to pay Plaintiffs and other Class members the full rest period premiums due, in violation of Labor Code Section 226.7 and IWC Wage Order No. 7-2001, for noncompliant and/or missed rest periods.

98.    As a direct and proximate result of Defendant's conduct, Plaintiffs and other Class members have been damaged in an amount to be determined at trial, and hereby seek one additional hour of pay at their regular rate of compensation for each day that a compliant rest period was not provided in a cumulative amount to be determined at trial, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

### Failure to Authorize and Provide Meal Periods

### (Labor Code §§ 226.7, 512(a) and 1198)

### (On Behalf of Plaintiffs, the Keyholder Class and the Class)

99.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

100.    Labor Code Section 512(a) provides in pertinent part that:

> An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An

employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

101. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1041-1042.

102. Labor Code Section 226.7 provides in pertinent part that:

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission . . . , the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

103. Labor Code Section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable IWC Wage Order.

104. IWC Wage Order No. 7-2001, Section 11 provides, in pertinent part:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

105.    Upon information and belief, Plaintiffs and other Class members were subject to the same policies, practices and procedures governing the provision of meal periods.

106.    Plaintiffs and other Class members regularly worked more than five (5) hours per shift and were entitled to an uninterrupted, off-duty meal period of not less than thirty (30) minutes.

107.    Nevertheless, as detailed above, Defendant engaged in a company-wide practice and/or policy of failing to provide Plaintiffs and other Class members with legally compliant, uninterrupted, off-duty meal periods when required. Plaintiffs and Class members experienced short, untimely and interrupted meal periods, and on occasion, the demands of employee job duties were such that they were prevented from taking a meal period altogether. Having been thus subjected to late, short, interrupted, and missed meal periods, Plaintiffs and Class members did not receive their statutorily mandated meal periods.

108.    Here, as a companywide practice and in fact, Defendants did not offer Plaintiff Libreros and other Keyholder Class members the opportunity to receive compliant off-duty meal breaks and, thus, "the court may not conclude employees voluntarily chose to skip…breaks." *Alberts v. Aurora Behavioral Health Care* (2015)

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

241 Cal. App. 4th 388, 410 ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); *accord Brinker Rest.*, 53 Cal. 4th at 1033 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

109.   Upon information and belief, Plaintiffs and other Class members did not validly or legally waive their first meal periods by mutual consent with Defendant or otherwise.

110.   Upon information and belief, Plaintiffs and other Class members did not enter into any written agreement with Defendant agreeing to an on-the-job paid meal period.

111.   Thus, Defendant failed to provide Plaintiffs and other Class members with meal periods as required by Labor Code Sections 226.7 and 512, and IWC Wage Order No. 4–2001.

112.   Defendant has also engaged in a company-wide practice and/or policy of not paying rest periods premium wages owed when compliant rest periods are not provided. As a result, Plaintiffs and other Class members were denied meal periods and Defendant failed to pay Plaintiffs and other Class members the meal period premiums due, in violation of Labor Code Sections 226.7 and 512, and IWC Wage Order No. 7–2001, for noncompliant and/or missed meal periods.

113.   As a direct and proximate result of Defendant's conduct, Plaintiffs and other Class members have been damaged in an amount to be determined at trial, and hereby seek one additional hour of pay at their regular rate of compensation for each day that a compliant meal period was not provided in a cumulative amount to be determined at trial, plus pre-judgment interest, penalties and costs of suit.

//

//

//

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

# **FIFTH CAUSE OF ACTION**

## **Failure to Provide Accurate Wage Statements**

## **(Labor Code § 226(a))**

## **(On Behalf of Plaintiffs and the Wage Statement Penalties Subclass)**

114. Plaintiffs incorporate all preceding allegations as if fully set forth herein.

115. Labor Code Section 226(a) provides in pertinent part:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or their employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . , (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .

116. During the relevant time period, Defendant has knowingly and intentionally provided Plaintiffs and other Wage Statement Penalties Subclass members with uniform incomplete and inaccurate wage statements as follows:

    a.    Defendant violated Labor Code Sections 226(a)(1), 226(a)(2) and 226(a)(5) and 226(a)(9) by failing to include the accurate amount of "gross wages," "net wages," "total hours worked" and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" because Defendant

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

1         failed to record and compensate Plaintiff and other Wage Statement

2         Penalties Subclass members for all off-the-clock work; and

3     b.     Defendant violated Labor Code Section 226(a)(2) by failing to include

4         the accurate number of "total hours worked by the employee" because

5         Defendant did not include time spent working during on-duty rest and

6         meal periods for which Plaintiff and other Wage Statement Penalties

7         Subclass members should have been compensated.

8     117.   Labor Code Section 226(e)(1) provides in pertinent part that "An

9 employee suffering injury as a result of a knowing and intentional failure by an

10 employer to comply with subdivision (a) is entitled to recover the greater of all actual

11 damages or fifty dollars ($50) for the initial pay period in which a violation occurs and

12 one hundred dollars ($100) per employee for each violation in a subsequent pay period,

13 not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to

14 an award of costs and reasonable attorney's fees."

15     118.    Labor Code Section 226(e)(2) provides that an employee suffers injury

16 if the employer fails to provide accurate and complete information as required by any

17 one or more items listed in Labor Code Section 226(a) and the employee cannot

18 promptly and easily ascertain requisite information without reference to other

19 documents or information.

20     119.    As a result of Defendant's failure to comply with Labor Code Section

21 226(a), Plaintiffs and other Wage Statement Penalties Subclass members suffered

22 injuries because they could not promptly and easily ascertain the information required

23 by Labor Code Section 226(a) without reference to other documents or information.

24 In addition, Plaintiffs and other Wage Statement Penalties Subclass members suffered

25 injuries because they were not aware of what their true wages should have been and

26 how they were calculated, and because Plaintiffs and other Wage Statement Penalties

27 Subclass members suffered economic loss in the form of lower wages and lost

28 compensation.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

120.    As a direct and proximate result of Defendant's conduct, Plaintiffs and other Wage Statement Penalties Subclass members are entitled to recover from Defendant, and hereby seek, the greater of their actual damages caused by Defendant's failure to comply with Labor Code Section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

121.    Plaintiffs and other Wage Statement Penalties Subclass members also seek preliminary and permanent injunctive relief and an award of attorneys' fees and costs pursuant to Labor Code Section 226(h).

### SIXTH CAUSE OF ACTION

**Failure To Pay Wages Timely During Employment**

**(Labor Code § 204)**

**(On Behalf of Plaintiffs and the Class)**

122.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

123.    Labor Code Section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

124.    Labor Code Section 204 also provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

125.    In addition, Labor Code Section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, Labor Code Section 204 provides that its requirements are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

126.   At all relevant times, Defendant willfully failed to pay Plaintiff and other Class members all wages due including, but not limited to, minimum wages, overtime wages, and meal and rest period premium wages, within the time periods specified by Labor Code Section 204, and therefore violated Labor Code Section 204.

127.   Labor Code Section 210 provides in pertinent part, "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections . . . 204. . ., shall be subject to a penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

128.   As a direct and proximate result of Defendant's conduct, Plaintiffs and other Class members are therefore entitled to recover from Defendant, and hereby seek, penalties pursuant to Labor Code Section 204 in a total, cumulative amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### Failure To Pay Wages Timely at Termination

### (Labor Code §§ 201, 202, 203)

### (On behalf of Plaintiffs and the Waiting Time Penalties Subclass)

129.   Plaintiffs incorporate all preceding allegations as if fully set forth herein.

130.   Labor Code Section 201 provides that, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

131.   Labor Code Section 202 provides that if an employee voluntarily leaves his or their employment, the employee's wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or their intention to quit, in which case the employee is entitled to his or their wages at the time of quitting.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

132. Labor Code Section 203 provides that if an employer willfully fails to pay compensation as required by Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty work days.

133. As detailed above, during the Class Period, Defendant willfully failed to pay Plaintiffs and Waiting Time Penalties Subclass members all their earned wages, including, but not limited to minimum wages, overtime wages, and rest and meal period premium wages, either at the time of their discharge, or within seventy-two (72) hours after their resignation.

134. Defendant's failure to pay Plaintiffs and Waiting Time Penalties Subclass members their earned and unpaid wages at the time of discharge, or within seventy-two (72) hours after their resignation, violates Labor Code Sections 201 and 202.

135. As a direct and proximate result of Defendant's conduct, Plaintiffs and Waiting Time Penalties Subclass members are therefore entitled to recover from Defendant, and hereby seek, waiting time penalties for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to Labor Code Section 203 in a total, cumulative amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### Violations of Unfair Competition Law

### (Business & Professions Code § 17200, *et seq.*)

### (On Behalf of Plaintiffs and the Class)

136. Plaintiffs incorporate all preceding allegations as if fully set forth herein.

137. The California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), prohibits unfair competition. The UCL defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

138. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

139. As detailed above, throughout the relevant time period, Defendant has a matter of practice and/or policy violated the the California Labor Code Sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198, and Cal. Code Regs. tit. 8, § 11070. Based on those violations, Defendant engaged in unlawful business practices in violation of the UCL throughout the relevant time period.

140. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

141. Defendant also committed "unfair" business acts or practices by, among other things: (a) engaging in conduct where the utility of the conduct, if any, is outweighed by the gravity of the consequences to Plaintiffs and other Class members; (b) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and other Class members; and (c) engaging in conduct that undermines and violates the stated policies underlying the Labor Code and applicable IWC Wage Order, which seeks to protect employees against unfair and sharp business practices.

142. As a result of Defendant's unlawful and unfair business practices, Plaintiffs and other Class members have suffered injury in fact and lost money or property including but not limited to the loss of earned wages.

143. As a result of the violations of California law herein described, Defendant unlawfully gained an unfair advantage over other businesses.

144. Pursuant to Business & Professions Code Sections 17200, *et seq*., Plaintiffs and other Class members are entitled to, and hereby seek, (a) restitution of the wages and other monies withheld and retained by Defendant during the Class Period; (b) a permanent injunction requiring Defendant to pay all outstanding wages due to Plaintiffs and other Class members; (c) a permanent injunction prohibiting Defendant from engaging in the acts complained of in the operative Complaint; and

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

(d) an award of attorneys' fees and costs pursuant to Code of Civil Procedure Section 1021.5 and/or other applicable laws.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class and Subclasses, pray for judgment against Defendant as follows:

1.      That the Court determine that this action may be maintained as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

2.      That Plaintiffs be designated as the representatives of the Rule 23 Class and Subclasses;

3.      That Plaintiffs' Counsel be designated as Class Counsel;

4.      For compensatory damages in the amount of all unpaid minimum wages owed to the Plaintiffs and other Class members in an amount to be determined at trial;

5.      For liquidated damages in the amount of unpaid minimum wages not paid to the Plaintiffs and other Class members pursuant to Labor Code Section 1194.2;

6.      For unpaid overtime wages owed to Plaintiffs and other Class members in an amount to be determined at trial;

7.      For one (1) hour of pay at the regular rate of compensation for Plaintiffs and each Class member for each workday that a legally compliant rest period was not provided;

8.      For one (1) hour of pay at the regular rate of compensation for Plaintiffs sand each Class member for each workday that a legally compliant meal period was not provided;

9.      For actual damages and/or penalties pursuant to Labor Code Section 226(e) for Plaintiffs and Class members, in an amount to be determined at trial;

10.     For injunctive relief pursuant to Labor Code Section 226(h);

11.     For penalties pursuant to Labor Code Section 210;

12.     For waiting time penalties pursuant to Labor Code Sections 201, 202 and 203 for Plaintiffs and Class Members who quit or were fired in an amount equal to

1  their daily wage multiplied by thirty (30) days, in an amount to be determined at trial;

2      13.    For an order requiring Defendant to provide restitution of all unpaid

3  wages and other monies wrongfully withheld and retained by Defendant from the

4  Plaintiffs and other Class members;

5      14.    For an order entering a permanent injunction prohibiting Defendant from

6  engaging in the unlawful conduct in California complained of in this Complaint;

7      15.    For an award of pre-judgment and post-judgment interest;

8      16.    For attorneys' fees and costs pursuant to Labor Code Sections 218.5, 226

9  and 1194, Code of Civil Procedure Section 1021.5; and as otherwise provided by law;

10  and

11      17.    For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all claims triable by jury.

**CUSTIS LAW, P.C.**

Dated: April 19, 2022                 By: /s/ Keith Custis
                                      Keith Custis
                                      **CUSTIS LAW, P.C.**
                                      1999 Avenue of the Stars, Suite 1100
                                      Los Angeles, California 90067
                                      Telephone: (213) 863-4276
                                      Facsimile: (213) 863-4277

                                      *Counsel for Plaintiffs and the Proposed*
                                      *Classes*